IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | **8:25CR129** |
| v. | | |
| KATHERINE L. WOITASZEWSKI, | | **MEMORANDUM AND ORDER** |
| Defendant. | | |

This matter is before the Court on defendant Katherine L. Woitaszewski's ("Woitaszewski") Motion to Suppress (Filing No. 22).[1] That motion was assigned to a magistrate judge,[2] who held an evidentiary hearing on the matter on February 19, 2026 (Filing Nos. 91, 94). *See* 28 U.S.C. § 636(b)(1) (allowing a district judge to "designate a magistrate judge to conduct hearings . . . and to submit" proposed findings and recommendations for the disposition of a motion to suppress evidence). After the magistrate judge recommended denying the motion (Filing No. 99), Woitaszewski objected (Filing No. 100). The government did not respond. Following a de novo review of the record, *see* 28 U.S.C. § 636(b)(1)(C), the Court overrules her objections and accepts the Findings and Recommendation.

During a joint local and federal investigation into a drug-trafficking ring, Douglas County Sheriff's Deputy Daniel Eads ("Deputy Eads") observed a pair of drug couriers deliver a pound of methamphetamine to an informant for the Federal Bureau of

---

[1]Counsel for Woitaszewski filed a brief in support of the motion as an attachment (Filing No. 22-1). Pursuant to the local rules, briefs in support must be filed separately and not attached. *See* NECivR. 7.1(a)(1)(A). Despite the magistrate judge's guidance (Filing No. 25), counsel continues to file briefs as attachments (Filing No. 100-1). Any further violation of the rule may lead to striking future briefs.

[2]The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

Investigation during a controlled buy.  Later that night, Deputy Eads and Deputy Johnathan Smolen ("Deputy Smolen") were staking out a laundromat parking lot on an unrelated matter when the same couriers pulled into the lot they were surveilling.  Woitaszewski then arrived, parked her car next to the couriers, hopped into their car, and then returned to her own after a few minutes.  Woitaszewski drove to another parking lot nearby where Deputy Eads watched her pop the hood of her car, place a black bag under the hood, and drive away.

Based on these observations and his training and experience, Deputy Eads believed Woitaszewski was concealing drugs.  He radioed Deputy Smolen, who stopped Woitaszewski for traffic violations at 9:06 p.m.  Believing there were drugs in the vehicle, the officers decided to obtain a drug-sniffing dog at approximately 9:10 p.m.  At 9:27 p.m., before the dog arrived, Woitaszewski told the officers she had marijuana in her car.  Woitaszewski concedes that alone gave the officers probable cause to search her car.  After discovering the marijuana, deputies conducted a full search of the car, including opening the hood where they located a "large quantity" of suspected methamphetamine in a black bag.[3]

Woitaszewski seeks to suppress all evidence found in her car and all statements made to law enforcement while in custody.  She does not contest the traffic stop or question whether officers had probable cause to search her car.  Rather, she argues officers lacked reasonable suspicion at 9:10 p.m. when they prolonged the stop which ultimately resulted in the search.  She also argues the government has not met its burden to prove her subsequent *Miranda* waiver was voluntary.  *See Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966).

---

[3]At this point, deploying the drug-sniffing dog was no longer necessary, but the deputies did so as a training exercise for the dog.  The dog indicated the odor of narcotics on the driver-side of Woitaszewski's car.

The Court has carefully reviewed, de novo, the evidentiary-hearing audio and exhibits, the parties' arguments, and the record in this case. Based upon that review, the Court agrees with the magistrate judge. Looking at the totality of these circumstances, the deputies had an objective and particularized basis to believe Woitaszewski was engaged in drug activity. Keeping her detained for twenty minutes to investigate those suspicions was reasonable under the Fourth Amendment. *See, e.g.*, *United States v. Moua*, 145 F.4th 929, 935 (8th Cir. 2025) (recognizing there is no "per se time limit" on traffic stops and concluding a 45-minute stop was not unreasonable); *United States v. Murillo-Salgado*, 854 F.3d 407, 416 (8th Cir. 2017) (finding a 23-minute stop—beginning as a traffic stop but evolving into an investigatory stop—was not an unconstitutional delay). Moreover, the record shows Woitaszewski voluntarily and knowingly waived her *Miranda* rights. Accordingly,

IT IS ORDERED:

1.  Defendant Katherine L. Woitaszewski's objections (Filing No. 100) are overruled.

2.  The magistrate judge's Findings and Recommendation (Filing No. 99) is accepted.

3.  Woitaszewski's Motion to Suppress (Filing No. 22) is denied.

Dated this 14th day of May 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

3